**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETRONILO MOTA, | No. 11-70638 |
| Petitioner, | Agency No. A070-928-033 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2014[**]
San Francisco, California

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

Petronilo Mota petitions for review of a decision of the Board of Immigration

Appeals (BIA) denying his applications for asylum and withholding of removal. We

have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** The adverse credibility finding by the Immigration Judge (IJ) was supported by substantial evidence in the record. Mota's two asylum applications were flatly inconsistent. Mota's testimony before the IJ was also at times inconsistent and largely uncorroborated. The BIA did not err in affirming the IJ's adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010). Dr. Camp's expert testimony relied on Mota's non-credible testimony. Accordingly, the remaining evidence in the record is insufficient to carry Mota's burden of establishing his eligibility for relief.

**2.** The hearing before the IJ satisfied due process. An IJ is authorized to "administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses," 8 U.S.C. § 1229a(b)(1), and is afforded wide latitude in conducting hearings. *See, e.g.*, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003). Despite the IJ's interruptions of his testimony, Mota received a full and fair hearing. He was represented by counsel, testified on his own behalf, and presented expert testimony. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007).

**3.** Because Mota failed to meet the standard for asylum, he necessarily cannot satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**